**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| HARA KOUNTAKI, | § | |
| | § | |
| Appellant, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-07-3530 |
| | § | |
| PAMELA GALE JOHNSON, | § | |
| | § | |
| Appellee. | § | |

**MEMORANDUM AND OPINION**

Hara Kountaki, the debtor in the bankruptcy court, appeals from the bankruptcy judge's order granting the trustee's motion to reopen to allow the trustee to administer a previously undisclosed asset. (Docket Entry No 1). The trustee moves to dismiss the appeal on the ground that this court lacks jurisdiction because the order to reopen is interlocutory. (Docket Entry Nos. 3, 9).

The debtor filed this voluntary chapter 7 case on July 14, 1998. It was treated as a no-asset case and closed on January 4, 2001. In August 2007, the trustee learned of a previously undisclosed claim held by the debtor in a class action suit against Exxon Corp. The class action had settled. The value of the debtor's claim was estimated to exceed $100,000, enough to pay creditors' claims, including the trustee's attorney's fees. The trustee filed a motion to reopen the bankruptcy case on August 28, 2007. The debtor objected on the ground that the claim had been discharged and limitations had run. The bankruptcy court granted the motion to reopen under 11 U.S.C. § 350. The bankruptcy court entered a one-

1

sentence order that did not rule on the merits of the debtor's affirmative defenses. This appeal, and the trustee's motion to dismiss, followed. (Docket Entry No. 9 at 3-5).

Final orders of the bankruptcy court may be appealed to the district court as of right. *See* 28 U.S.C. § 158(a)(1). Appeals from interlocutory orders may only be taken with leave of the district court. *See id.* § 158(a)(3); *In re AroChem Corp.*, 176 F.3d 610, 618 (2d Cir. 1999). "[F]or a bankruptcy court order to be final . . . it must completely resolve all of the issues pertaining to a discrete claim. . . ." *In re Fugazy Express Inc.,* 982 F.2d 769, 776 (2d Cir. 1992); *accord, In re Chateaugay Corp.,* 922 F.2d 86, 90 (2d Cir.1990) ("Orders in bankruptcy cases may be immediately appealed if they resolve discrete disputes within the larger case."). Orders that leave affirmative defenses unresolved are not final. *See City of New York v. Exxon Corp.,* 932 F.2d 1020, 1023 (2d Cir.1991).

Cases involving orders on motions to reopen analyze finality according to whether the order resolved the merits of the dispute. If the bankruptcy court's order to reopen resolves the dispute as to the administration of the debtor's claim, it is final. An order denying a motion to reopen is a final order because it "leaves nothing for the [bankruptcy] court to do but execute the judgment." *In re Booth,* 242 B.R. 912, 914 (B.A.P. 6th Cir. 1999) (quotations omitted). A bankruptcy court's order granting a motion to reopen is final if it is "conclusive on the merits." *In re Bonner*, 330 B.R. 880, 2005 WL 2136204, at *1 (B.A.P. 6th Cir. 2005) (finding that the bankruptcy court's grant of the trustee's motion to reopen the estate to administer a personal injury claim of the debtors was a final order). A bankruptcy court's order granting the trustee's motion to reopen is not final if it leaves unresolved

2

questions such as whether the claim should be considered property of the estate to be administered by the trustee and whether any affirmative defenses apply.

In this case, the bankruptcy court granted the trustee's motion to reopen in a one-sentence order.  Although the trustee moved to reopen to administer the class action claim as part of the estate, and the debtor objected on the basis of the finality of the discharge and limitations, it does not appear that the bankruptcy court considered or ruled on the merits of the trustee's claim to the class-action award or on the merits of the debtor's affirmative defenses.  The trustee has stated that her request to reopen was not a request for a ruling on the merits, but only a request for a "mechanical device" that "determine[s] nothing with respect to the merits of the case." (Docket Entry No. 9 at 5).

The order only reopened the case.  The bankruptcy court has not yet addressed the merits of the trustee's claim.  If the bankruptcy court ultimately rules in the trustee's favor, the debtor can still challenge on appeal to the district court the bankruptcy court's jurisdiction and the trustee's standing.  A later reversal on the reopening would not require recommencement of the entire bankruptcy proceeding.  *See In re Gaines,* 932 F.2d 729, 731-32 (8th Cir.1991) (setting forth the standard for determining the finality of a bankruptcy court order and concluding that the bankruptcy court's order reopening and extending the time for objecting to the debtors' discharge was not final and appealable); *see also In re Stephens,* 172 Fed. Appx. 685, 2006 WL 454721, at \*\*1 (8th Cir. 2006); *In re Cutter*, No. CV-05-5527, 2006 WL 2482674, at \*2 -4 (E.D.N.Y. 2006).

Because the order to reopen is not final, it is not appealable as of right.  There is no

basis on this record for a certification of the bankruptcy court's order for immediate interlocutory appeal under 28 U.S.C. § 1292(b). *See Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 254 (1992) (holding that § 158(d) is subject to § 1292(b) certification procedure); *Madsen v. Audrain Health Care, Inc.,* 248 F.3d 760, 761 (8th Cir. 2001) (dismissing appeal for lack of jurisdiction, absent district court certification under Fed. R. Civ. P. 54(b) or § 1292(b)).

The appeal is dismissed as prematurely filed from an interlocutory order of the bankruptcy court.

SIGNED on December 26, 2007, at Houston, Texas.

_____

Lee H. Rosenthal
United States District Judge